NOT DESIGNATED FOR PUBLICATION

No. 123,242

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALBERTO ALFARO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed May 28, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Alberto Alfaro appeals the revocation of his probation by the district court, claiming it abused its discretion by revoking his probation. We granted Alfaro's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded and, given the facts of this case, agreed summary disposition was appropriate. Finding no error by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In October 2018, Alfaro pled guilty to one count each of aggravated battery, criminal threat, criminal restraint, and domestic battery. All the convictions were

1

classified as domestic violence offenses. At sentencing, the district court followed the plea agreement and sentenced Alfaro to 17 months' imprisonment and then granted him probation for 24 months.

Probation did not go well. Within three months of Alfaro being granted probation, the State filed a warrant for Alfaro's arrest, alleging he failed to follow the terms of his probation and committed new crimes. At the revocation hearing, Alfaro did not contest the allegations contained in the warrant; the district court ordered him to serve a 3-day jail sanction and extended his probation for 24 months.

Seven months later, the State filed another warrant for Alfaro's arrest after he failed to complete and follow the recommendations of a drug and alcohol evaluation, failed to report a change of telephone number within 24 hours, and failed to pay for urinalysis testing. Before the second warrant was resolved, the State filed a third warrant, alleging Alfaro again failed to follow the terms of his probation and committed another new crime.

At the second probation revocation hearing, Alfaro admitted to multiple probation violations and pled guilty to one count of interference with a law enforcement officer, which was a new felony conviction. Based on his guilty plea to the new offense, the district court found Alfaro committed a new crime and had demonstrated he was not amenable to further probation. The district court revoked Alfaro's probation and ordered him to serve the underlying prison sentence of 17 months.

ANALYSIS

On appeal, Alfaro argues the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Alfaro bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Alfaro does not point to a specific factor under which the district court abused its discretion, and he acknowledges that under K.S.A. 2020 Supp. 22-3716(c)(1)(C), a district court has the discretion to revoke a defendant's probation if the district court already imposed an intermediate sanction. Furthermore, under K.S.A. 2020 Supp. 22-3716(c)(7)(C), the district court has discretion to revoke a defendant's probation if the defendant commits a new felony or misdemeanor while on probation.

At the second probation revocation hearing, Alfaro admitted to multiple probation violations including the commission of a new felony—interference with a law enforcement officer. Alfaro argues the district court abused its discretion when it ordered him to serve his underlying sentence because it could have given him an additional chance on probation. Because Alfaro had received one prior jail sanction and also admitted to committing a new felony while on probation, he has failed to show the district court abused its discretion by imposing his underlying prison sentence.

Affirmed.